UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RAFAEL LISMAY RIBALTA SUAREZ,

Petitioner,

v.

WARDEN OF MESA VERDA DETENTION CENTER, et al.,

Respondents.

No. 1:26-cv-02263-DAD-AC

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER AS HAVING BEEN RENDERED MOOT

(Doc. Nos. 1, 3)

On March 23, 2026, petitioner Rafael Lismay Ribalta Suarez filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by United States Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.)  On March 24, 2026, petitioner filed a motion for a temporary restraining order. (Doc. No. 3.)  Petitioner requests his immediate relief, or in the alternative, a bond hearing at which the Department of Homeland Security ("DHS") would bear the burden of proof.  (Doc. No. 3 at 3.)  In support of his petition, petitioner provides evidence of the following.

Petitioner entered the United States on or about February 29, 2024, was apparently detained by immigration officials after he entered, and was released on his own recognizance on

/////

1

March 1, 2024.  (Doc. No. 1-1 at 2–4.)  Petitioner was re-detained by ICE on January 13, 2026. (*Id.* at 8.)

On March 25, 2026, the court set a briefing schedule on the motion for temporary restraining order and directed respondents to substantively address whether any provision of law or fact in this case would distinguish it from this court's decision in *Perez v. Albarran*, No. 1:25-cv-01540-DAD-CSK (HC), 2025 WL 3187578 (E.D. Cal. Nov. 14, 2025).  (Doc. No. 5.)

On March 27, 2026, respondents filed a combined opposition to the pending motion for temporary restraining order and answer to the pending petition for writ of habeas corpus. [1]  (Doc. No. 6.)  Therein, respondents state that this case is distinguishable from *Perez* because, here, petitioner was arrested for a criminal offense, which prompted his current immigration detention. (*Id.* at 2.)  The only documentation submitted by respondents in support of their allegation that petitioner was arrested for a criminal offense is the statement of a deportation officer that petitioner was arrested on December 6, 2025, by the Pinellas County Sheriff's Office for "racing on highway."  (Doc. No. 6-1 at 2.)  The deportation officer states that, on the same day as petitioner's criminal arrest, petitioner was encountered by the "Tampa CAP team," which the court infers refers to the Tampa ICE Criminal Alien Program.  (*Id.*)  Respondents have not offered any argument explaining how or why the court should consider this alleged arrest for purposes of ruling on the pending petition.  (*See* Doc. No. 6.)  Accordingly, the court will not consider this unconfirmed allegation of petitioner's arrest for "racing on highway."

Even if the court were to consider the alleged criminal arrest, it still appears that petitioner's re-detention was unlawful.  The court finds analogous and persuasive its prior reasoning in *Ayala Cajina v. Wofford*, No. 1:25-cv-01566-DAD-AC (HC), 2025 WL 3251083 (E.D. Cal. Nov. 21, 2025) where the court concluded that due process required a pre-detention hearing to protect the petitioner's liberty interest in his continued release.  The petitioner in *Ayala Cajina* was pending state criminal charges for driving under the influence of alcohol and driving without a license but ICE made intervening determinations that he should remain out of custody

---

[1]  Respondents state they are amenable to the court resolving the merits of the underlying habeas petition based on the briefing presently before the court.  (*Id.* at 4.)

2

such that the pendency of charges did not constitute a change in circumstances justifying his re-detention. 2025 WL 3251083, at *2, 4. In this regard, it is not clear that the alleged criminal arrest would justify petitioner's re-detention because petitioner was apparently encountered by ICE officials the same day as the alleged arrest yet he was not re-detained until over one year later.

Accordingly, pursuant to the court's reasoning as stated in *Perez* and *Ayala Cajina*, the court will grant the pending petition for writ of habeas corpus.

For the reasons explained above,

1.     Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED in part as follows:

    a.     Respondents are ORDERED to immediately release petitioner from respondents' custody on the same conditions he was subject to immediately prior to his January 13, 2026 re-detention;

    b.     Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge where respondents will have the burden of demonstrating by clear and convincing evidence that petitioner is a danger to the community or a flight risk;

    c.     Petitioner's request for attorney's fees and costs pursuant to 28 U.S.C. § 2412 is DENIED without prejudice to bringing a properly noticed and supported motion;

2.     Petitioner's motion for a temporary restraining order (Doc. No. 3) is hereby DENIED as having been rendered moot by this order granting the habeas petition on its merits; and

/////

/////

/////

3

3. The Clerk of the Court is directed to ENTER judgment in favor of petitioner and to CLOSE this case.

IT IS SO ORDERED.

Dated:   __**March 30, 2026**__                    ___Dale A. Drozd___

DALE A. DROZD
UNITED STATES DISTRICT JUDGE